**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

STATE OF GEORGIA,     &ast;
          &ast;
  Plaintiff,    &ast;
          &ast;
    v.      &ast;   CV 118-017
          &ast;
SHARON BUSH ELLISON,   &ast;
          &ast;
  Defendant.    &ast;

---

**O R D E R**

---

On January 24, 2018, Defendant Sharon Bush Ellison ("Ellison"), proceeding *pro se*, filed a "Notice of Removal" in which she purported to remove six criminal traffic cases from Richmond County State Court to federal court pursuant to 28 U.S.C. § 1443, 18 U.S.C. § 242, and 42 U.S.C. § 1985(3). (Doc. 1.) Ellison also filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2.) On January 31, 2018, the United States Magistrate Judge conducted an initial review of Ellison's motions and issued a Report and Recommendation ("R&R") in which he recommended that Ellison's IFP motion be denied as moot and this case be dismissed for lack of subject matter jurisdiction. (Doc. 7.) The Magistrate Judge further recommended that, "[a]lthough 'removal' was never accomplished in a procedurally proper manner, in an abundance of caution, . . . the six traffic

cases be remanded to the State Court of Richmond County." (Id. (emphasis omitted).) Ellison subsequently filed objections to the R&R as well as a motion to transfer venue. (Docs. 9, 10, 12; see also Docs. 6, 11, 13.)

On February 21, 2018, after a careful, *de novo* review of the file, this Court adopted the Magistrate Judge's R&R as its own opinion. (Doc. 14 (the "Dismissal Order").) Accordingly, the Court, *inter alia*: (i) denied as moot Ellison's IFP motion and motion to transfer venue (docs. 2, 12); (ii) dismissed and closed this case for lack of subject matter jurisdiction; and (iii) despite noting that removal was never properly accomplished, remanded the underlying criminal traffic cases to the State Court of Richmond County. (Doc. 14; see also Doc. 15.) On March 16, 2018, Ellison filed her present motion to alter or amend the Dismissal Order. (Doc. 19; see also Doc. 22.) On March 21, 2018, Ellison filed her present motion for new trial. (Doc. 20.) On April 11, 2018, Ellison filed a motion requesting an evidentiary hearing on her motion for new trial. (Doc. 25.)

As discussed in the Magistrate Judge's R&R, this Court lacks subject matter jurisdiction over the state criminal traffic cases that Ellison sought to remove to this Court. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility

that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) (citations omitted). Indeed,

> A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. Thus, the party invoking the federal court's jurisdiction bears the burden of proof.
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Id. (internal quotations, citations, and alterations omitted). Ellison did not allege any legitimate basis for the exercise of subject matter jurisdiction in her notice of removal and has failed to demonstrate the existence of subject matter jurisdiction in her present motions or other filings with the Court. Accordingly, because Ellison's present motions – and evidence submitted therewith – fail to cure this fatal error, they are futile. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." (citations omitted)). Further, Ellison has failed to demonstrate newly-discovered evidence,

3

manifest errors of law or fact, or any other reason that would justify a finding that the Court should alter, amend, or otherwise grant Ellison relief from the Dismissal Order. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," as "the only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact"); see also FED. R. CIV. P. 59(e) & 60(b). Moreover, because the Court has not held an initial trial in the present case, the court cannot grant a new, subsequent trial. See FED. R. CIV. P. 59(a)(1) ("A court may grant a new trial, on motion, *after* a jury trial or nonjury trial." (emphasis added)); see also LR 7.2, SDGa. ("Motions shall generally be determined upon the motion and supporting documents filed as prescribed herein.").[1]

---

[1] To the extent Ellison's notice of removal can be liberally construed as a writ of habeas corpus, such a filing would be premature because she failed to plead or make any showing that she is in custody in relation to the state-court proceedings of which she complains. See 28 U.S.C. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court . . . .") (emphasis added). Further, to the extent Ellison's notice of removal can be liberally construed as attempting to assert a claim under 42 U.S.C. § 1983, such claim would be subject to dismissal for failure to allege the specific constitutional right violated. See Jordan v. Mosley, 298 F. App'x 803, 805 (11th Cir. 2008) ("The first task in a section 1983 suit is 'to isolate the precise constitutional violation with which [the defendant] is charged.'" (quoting Baker v. McCollan, 443 U.S. 137 (1979))). Moreover, even if the Court were to liberally construe the totality of Ellison's filings and find that she was attempting to assert a malicious prosecution claim under the Fourth Amendment pursuant to Section 1983, that claim would fail because she has failed to

4

Accordingly, upon due consideration, **IT IS HEREBY ORDERED** that Ellison's motion to alter or amend (docs. 19, 22), motion for new trial (doc. 20), and request for evidentiary hearing (doc. 25) are **DENIED**.  This case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia this ___18th___ day of June, 2018.


_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

show the prosecution has terminated in her favor. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." (citation omitted)).  Finally, Ellison's attempt to invoke 42 U.S.C. § 1985(3) within her notice of removal also fails because she has provided no factual support for conspiracy or for officers going in disguise on the highway. See <u>Montford v. Moreno</u>, No. 04-12909, 2005 WL 1369563, at *7, *8 (11th Cir. June 9, 2005) (affirming dismissal of conspiracy claims when *pro se* Plaintiff made only "conclusory allegations of a conspiracy and failed to allege any evidence that the defendants reached an understanding to violate his rights").  Rather, Ellison has alleged only that state officers "wr[o]te false reports and create[d] false accidents [sic]" in connection with her tickets because "a 'close associate' has a pecuniary interest in the federal civil lawsuits, appeals or other standings to sue pending before the United States District Court of which [Ellison] has filed." (Doc. 1, at 2.)