IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

STATE OF GEORGIA,              *
                               *
    Plaintiff,                 *
                               *
        v.                     *      CV 118-017
                               *
SHARON BUSH ELLISON,           *
                               *
    Defendant.                 *

**ORDER**

This case was closed on February 21, 2018. (Docs. 14, 15.) Before the Court are nine motions filed by Defendant. The Court addresses each below.

The Court begins by addressing Defendant's motion for the undersigned to recuse himself from presiding over Defendant's pending motions and other forthcoming proceedings ("Motion to Recuse").[1] (Mot. to Recuse, Doc. 38.) Defendant argues that the undersigned "has a financial interest in the Defendants of the civil action." (Aff. Supp. Mot. to Recuse, Doc. 38-1, at 2.) The only other party to this civil action is the State of Georgia. Although Defendant fails to offer any evidence of impartiality, the undersigned evaluated whether he should recuse himself for any

---

[1] Defendant filed almost identical motions pertaining to Magistrate Judge Brian K. Epps (Doc. 40) and District Judge Dudley H. Bowen (Doc. 41). As neither Judge is presiding over any pending motions and there are no forthcoming proceedings in this closed case, the Court **DENIES AS MOOT** both motions (Docs. 40, 41).

reason. Finding no reason for disqualification, the undersigned declines to recuse himself and **DENIES** Defendant's Motion to Recuse (Doc. 38).

The Court now turns to Defendant's motion for relief from the Court's July 30, 2018 Order ("Motion for Relief"). (Mot. for Relief, Doc. 33.) The July 30, 2018 Order denied Defendant's (1) supplemental notice of removal for "fail[ure] to cure the jurisdictional defects inherent in her original notice of removal" leaving the Court without subject matter jurisdiction and (2) motion for an extension of time to file a notice of appeal because Defendant "failed to demonstrate excusable neglect or good cause justifying the extension." (July 30, 2018 Order, Doc. 32, at 1-2.)

Federal Rule of Civil Procedure 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Although Defendant cites correcting a clerical mistake as a reason to reconsider, Defendant really asks the Court to reconsider the July 30, 2018 Order because of newly discovered evidence. (Mot. for Relief, at 7.)

Rule 60(b) allows reconsideration based on newly discovered evidence, but only of final orders. FED. R. CIV. P. 60(b). A final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney

Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The July 30, 2018 Order is not a final order. Regardless, Defendant offers no new evidence showing the Court that it has subject matter jurisdiction over this matter.[2] Regarding her request for an extension of time to file a notice of appeal, Defendant parrots the same arguments previously made, but also offers evidence that she is reasonably accommodated at Aiken Technical College. (Reasonable Accommodation, Doc. 33-1.) The Court repeats that Defendant fails to demonstrate why this prevented her from filing a notice of appeal timely. Regardless, it seems Defendant filed an appeal earlier this year. (See Docs. 44, 44-1.) The appeal was subsequently dismissed for failure to prosecute. (See Docs. 45, 48, 49.)

For the foregoing reasons, Defendant's Motion for Relief (Doc. 33) is **DENIED**. Finding no reason to modify the closed posture of this case, the Court reiterates for the third time that this case remains closed. As such, Defendant's remaining motions (Docs. 34, 37, 42) are **DENIED AS MOOT**.

---

[2] Defendant has also moved for leave to file a supplemental pleading (Doc. 35) and amend the January 24, 2018 Notice of Removal (Doc. 36) (collectively, "Motions for Leave"). First, this case is closed. Second, Defendant uses her Motions for Leave to make the same arguments regarding the validity of her removal that Defendant makes in her Motion for Relief. Third, through these motions, Defendant fails to raise any new argument showing the Court that it has jurisdiction over this matter. Upon due consideration, the Motions for Leave (Docs. 35, 36) are **DENIED**.

3

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA